Filed 7/18/24  P. v. Phouanesavath CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B334092 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA092685) |
| v. | |
| DAVID PHOUANESAVATH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court. Hilleri G. Merritt, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

David Phouanesavath appeals from a judgment of conviction of attempted murder (Pen. Code, §§ 187, subd. (a),

664)[1] and assault with a semiautomatic firearm (§ 245, subd. (b)). Phouanesavath entered a plea of no contest to the charges pursuant to a negotiated plea.  Phouanesavath also admitted that the crime involved great bodily injury (§ 12022.7, subd. (a); Cal. Rules of Court, rule 4.421(a)(1)), and that he personally used a firearm in the commission of a felony or attempted felony (§ 12022.5, subd. (a)).  The trial court sentenced Phouanesavath to 24 years in state prison.  No arguable issues have been identified following review of the record by appointed appellate counsel or our own independent review.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the probation report, on March 25, 2019 Phouanesavath was driving on the freeway when he "cut off" Odeen Orellana.  After the two exchanged words, Orellana exited the freeway.  Phouanesavath followed Orellana off the freeway in his vehicle.  Orellana noticed that Phouanesavath was following him, and Orellana pulled over to the side of the road and exited his vehicle.  Phouanesavath pulled alongside Orellana and, without saying anything, shot Orellana once in the chest and three times in the back.

Joseph Gonzalez saw a news report with a video of the incident and called the police station to report that he had been a victim of "road rage" on February 19, 2019, and he believed the incident involved the same person he saw in the television report. According to Gonzalez, Phouanesavath was attempting to merge into traffic but became frustrated when Gonzalez was unable to

---

[1]        Further statutory references are to the Penal Code.

2

speed up in his truck to let him in because of the weight of Gonzalez's vehicle. Phouanesavath moved alongside Gonzalez's truck and brandished a firearm. Fearing for his safety, Gonzalez pulled over to the shoulder and contacted the California Highway Patrol. The officers were able to obtain a photograph of the car Phouanesavath was driving and the car's license plate number.

On May 4, 2020 Phouanesavath was charged in an information with one count of attempted murder, two counts of assault with a semiautomatic firearm, one count of possession of an assault weapon (§ 30605, subd. (a)), and two counts of brandishing a firearm at a person in a motor vehicle (§ 417.3). The information also alleged that in the commission of the crimes Phouanesavath personally used and intentionally discharged a firearm causing great bodily injury (§§ 12022.5, subd. (a), 12022.53, subds. (b), (c), & (d)), and he inflicted great bodily injury (§ 12022.7, subd. (a)).

Following advisement and waiver of his constitutional rights, Phouanesavath pleaded no contest to attempted murder and one count of assault with a semiautomatic firearm. Phouanesavath also admitted the firearm-use allegation under section 12022.5, subdivision (a), and the great bodily injury enhancement allegation. The trial court ordered the remaining counts and enhancements dismissed. The court sentenced Phouanesavath to an aggregate term of 24 years in state prison.[2] On September 18, 2023 Phouanesavath filed a notice of appeal

---

[2] The trial court imposed the upper term of nine years for attempted murder, plus a consecutive term of two years for assault with a semiautomatic firearm (one-third the middle term of six years), plus a total of 13 years on the firearm-use and great bodily injury enhancements.

contending that he "would move the court of appeal . . . to dismiss enhancements in the interest of justice."

## DISCUSSION

We appointed counsel to represent Phouanesavath in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Phouanesavath that he could personally file a supplemental brief and sent him the transcripts of the record on appeal and a copy of the appellate brief. On April 26, 2024 this court also notified Phouanesavath that he could personally submit any contentions or argument he believed the court should consider within 30 days. We have received no response from Phouanesavath.

We have examined the record and are satisfied appellate counsel for Phouanesavath has complied with his responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

FEUER, J.

We concur:

MARTINEZ, P. J.          SEGAL, J.

4